**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
SEP 6 2005
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HUNTLEIGH USA CORPORATION,<br>Plaintiff,<br>- against -<br>THE UNITED STATES,<br>Defendant. | No. 03-2670C<br>(Judge Margolis) |

**PLAINTIFF'S SUR-REPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO QUASH DEPOSITION NOTICE AND FOR PROTECTIVE ORDER**

Jonathan J. Lerner
Lauren E. Aguiar
William J. O'Brien
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000
Attorneys for Plaintiff

Plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully submits this sur-reply in further opposition to the Government's Motion to Quash Deposition Notice and For Protective Order ("Government's Motion"). Huntleigh feels compelled to offer this brief sur-reply in order to correct several inaccurate statements made by the Government in its reply memorandum of law ("Gov't Reply").

First, the Government argues that Huntleigh scheduled the deposition date "without consultation," thereby flouting "the ordinary practice of this Court, and other trial courts." (Gov't Reply at 1.) This argument is wholly irrelevant to the Government's Motion, which is not predicated upon the noticed date being inconvenient. More importantly, though, it is grossly misleading to assert that Huntleigh did not consult with the Government about the deposition date. In fact, on July 5, 2005, a Huntleigh attorney emailed the Government and specifically inquired as to whether the noticed date was feasible. (See Ex. A, annexed hereto; Huntleigh Opp. at 3.) If the Government had responded by asking for an adjournment and proposing an alternative time, Huntleigh would have accommodated that request. The Government chose not to do so. Instead, the Government simply stalled and then filed an eleventh-hour motion, thereby arrogating to itself the unilateral right not to appear.

Second, the Government also claims (incorrectly) that one day before the noticed date, Huntleigh "stop[ped] the clock" on the meet and confer process by supposedly representing that it considered the originally noticed date to be "firm." (Gov't Reply at 2.) This is simply not true. On the contrary, when the Government suggested that it might be able to provide the requested discovery through alternative means (i.e., other than through oral testimony), Huntleigh expressed its willingness to consider, and in fact invited, a specific proposal from the

Government in this regard. (See Ex. B, annexed hereto; Huntleigh Opp. at 4.) In light of the foregoing, it is simply disingenuous for the Government to suggest that it had no choice but to "set aside" everything and start drafting a motion.[1] (Gov't Reply at 2.) At the very least, the Government could have and should have – picked up the phone and called Huntleigh's attorneys to further discuss its proposed alternatives (assuming it had any) and, if necessary, to request an adjournment while negotiations continued. If it had taken this one simple step, it would have found that Huntleigh was willing to be flexible. Instead, it resorted to motion practice without so much as suggesting to Huntleigh that it was about to seek judicial intervention.

Third, citing RCFC 37(d), the Government claims that it had a "pending motion" for a protective order in place on July 13, thereby excusing its appearance. (Gov't Reply at 3.) Of course, the Government admits that it did not make its way to the courthouse until July 13 (the date specified in the notice) – thereby rendering the "pending motion" exception inapplicable. In any event, the Government's argument is fundamentally at odds with the case law cited in Huntleigh's Opposition Brief. Under the circumstances of this case, there is simply no excuse for the Government to have waited until July 13 to file its motion and grant itself a unilateral stay. As the case law makes clear, the better and more rational interpretation of RCFC 37(d) is that a party must have a court order – either granting its motion for a protective order or granting an

[1] The Government complains that the deposition was noticed for the same day that its responses to Huntleigh's interrogatories and document requests were due, implying that it was too busy responding to these requests to prepare for the deposition. Yet the Government somehow found the time and resources to research and draft, "in close consultation with counsel for the Transportation Security Administration" (Gov't Reply at 2), this motion and to file and serve it on the very day on which this allegedly inconvenient deposition was scheduled.

adjournment of the deposition pending such order – before it is relieved of the obligation to appear at a properly noticed deposition. (See, e.g., Robert Billet Promotions, Inc. v. IMI Cornelius, Inc., No. Civ. A. 95-1376, 1995 WL 672385, at *2 (E.D. Pa. Nov. 8, 1995) (citing Rule 37(d) and noting that, "A party cannot, as defendants have done here, fail to attend a properly-noticed deposition without a court order."); Huntleigh Opp. at 5-6.) In this case, the Government had neither.

**CONCLUSION**

For the foregoing reasons, Huntleigh respectfully requests that the Court deny the Government's Motion, compel the Government to produce a witness in response to the RCFC 30(b)(6) notice, and award Huntleigh attorney's fees and costs incurred in opposing the motion, along with any other sanction the Court deems appropriate.

Dated: August 16, 2005
New York, New York

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
William J. O'Brien
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000
Attorneys for Plaintiff

# ATTACHMENTS

# EXHIBIT A

**From:** William O'Brien, III
**To:** Kyle.Chadwick@usdoj.gov
**Date:** Tue, Jul 5, 2005 9:13 AM
**Subject:** Huntleigh USA Corp. v. United States -- July 13

Hi Kyle:

I wanted to follow up regarding the deposition that has been noticed for July 13. Have you been able to determine as of yet whether a witness or witnesses will be available on that date?

Thank you

-- Bill.

William J. O'Brien
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-4128
Fax: (917) 777-4128
wobrien@skadden.com

**CC:** Aguiar, Lauren

# EXHIBIT B

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2235
DIRECT FAX
(917) 777-2235
EMAIL ADDRESS
LAGUIAR@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 11, 2005

By Fax and E-mail

Kyle Chadwick, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Huntleigh USA Corporation v. United States*, Index No. 03-2670C (Judge Margolis)

Dear Kyle:

I received your voicemail regarding the Rule 30(b)(6) deposition Huntleigh noticed for this Wednesday, July 13. As you are aware, Huntleigh noticed this deposition several weeks ago, and despite several communications with you since then, you only informed us that it would not be "feasible" for the government to produce a witness late in the afternoon of July 7.

Given the facially deficient Initial Disclosures provided by the Government, Huntleigh has an obviously legitimate need for the information detailed in the deposition notice. Your message on Thursday indicated that only lawyers have information about the process of preparing the disclosures and identifying the location of responsive documents -- which confirms our concerns about the way in which the Government is purporting to discharge its discovery obligations thus far. Nevertheless, simply because the relevant witness may be a lawyer would not preclude that person from being an appropriate 30(b)(6) witness.

Your message also indicated that the Government believes that in lieu of a 30(b)(6) deposition, there may be other ways for the Government to provide the information Huntleigh seeks. Huntleigh would consider alternate means of obtaining this information, however, it will only do so if the Government makes a

specific proposal for its consideration. As of now, Huntleigh has properly noticed a Rule 30(b)(6) deposition, with which it expects full compliance, and unless and until Huntleigh agrees to an alternative means to obtain the information, it reserves all rights to seek relief based on its Notice of Deposition.

Very truly yours,

Lauren E. Aguiar

cc: Jonathan J. Lerner