IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HUNTLEIGH USA CORPORATION,

Plaintiff,

-against-

THE UNITED STATES,

Defendant.

No. 03-2670C
(Senior Judge Margolis)
(ECF Case)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties hereto, as follows:

1. This Confidentiality Stipulation and Protective Order ("Order") governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively, the "Material"), produced, filed or otherwise disclosed during the course of the above-referenced action ("Action") by (i) plaintiff Huntleigh USA

Corporation ("Huntleigh") and defendant the United States ("Government") (collectively, the "Parties"), or (ii) non-parties ("Third Parties").

2. This Order shall apply to, and be enforceable against the Parties to the Action and any Third Parties who receive, produce or otherwise disclose Material in this Action and who agree in writing to be bound by the terms of this Order in accordance with Paragraph 7.

3. This Order shall not apply to any Material that is already in the receiving Party's possession, becomes or is generally available to the public other than as a result of disclosure in violation of this Order, or becomes available to a Party other than through discovery in this Action.

4. A Party may designate as "Confidential" any nonpublic Material that it produces during the course of this Action when such Party believes in good faith that such Material contains sensitive commercial, financial, proprietary business or personal information or trade secrets of that Party or its parents, subsidiaries or affiliates ("Confidential Material"). The Confidential Material so designated will also render as "Confidential" any copies, excerpts, summaries, or other documents reflecting or referring to the substance or contents of such Confidential Material, subject to the provisions of Paragraph 3 of this Order, unless all references to the Confidential Material are first redacted in their entirety.

5. Confidential Material shall be used only for the purposes of preparing for and conducting the Action (including any appeals), and not for any other purpose whatsoever, and shall not be given, shown, disclosed, made available or communicated in any way (either orally or in writing) to anyone except those who are identified in Paragraph 6 below and to

whom it is necessary that such Confidential Material be given or shown for the purposes permitted under this paragraph.

6. Confidential Material shall not be given, shown, disclosed, made available or communicated to any person for any purpose, other than to:

(a) counsel for Huntleigh USA Corporation and all clerical workers, paralegals, outside vendors or other staff employed by such counsel who are assisting in the conduct of the Action;

(b) counsel for the Government and all clerical workers, paralegals, outside vendors and other staff employed by such counsel who are assisting in the conduct of the Action;

(c) the Parties and those officers, directors, officials and employees of the Parties deemed necessary to aid counsel in the prosecution or defense of this Action;

(d) the Court and court personnel;

(e) witnesses in preparation for or at any deposition, hearing or trial in the Action;

(f) court reporters employed in connection with the Action;

(g) experts retained by any Party; and

(h) other persons only upon consent of the producing Party or upon order of the Court.

7. Each person, excluding the persons named in subsections (a), (b), (c) and (d) of Paragraph 6, to whom any Confidential Material is furnished, shown or disclosed shall,

prior thereto, be provided with a copy of this Order and shall execute the certificate annexed hereto. Counsel for the Party obtaining the certificate shall retain a copy of such certificate.

8. Any Material that is produced by a Third Party during the course of this Action shall be considered Confidential Material if, and only if, a Party designates it as such in writing within twenty (20) business days of its receipt.

9. Confidential Material shall be designated as follows:

(a) In the case of hard copy documents, designation shall be made prior to production by placing the legend "CONFIDENTIAL" on each page of the documents.

(b) In the case of electronic documents, designation shall be made prior to production by placing the legend "CONFIDENTIAL" on the CD, DVD or other tangible object that contains the Confidential Material in electronic form. Alternatively, the electronic documents may be printed out and designated in accordance with the procedures described in subsection (a) of this paragraph.

(c) In the case of depositions, any Party may designate the deposition transcript, or any portion thereof (including exhibits), of any witness as Confidential Material by advising the reporter and the opposing Party of such fact on the record during the deposition or in writing at any time within twenty (20) business days after actual receipt of the transcript by counsel for the designating Party. If the designation is made during the course of the deposition, the reporter in attendance shall thereafter bind the transcript in separate portions containing the Confidential Material, and the reporter shall place the appropriate legend on the cover of each separately bound portion of the transcript. (The Parties may modify this procedure for any

particular deposition through agreement on the record at such deposition, without further court order.)

10. Any Party may designate any briefs, pleadings, accompanying exhibits or other filings (collectively, "Court Papers") as Confidential Material. Any Court Papers so designated shall be filed with the Court under seal and labeled as "Confidential -- Subject to Court Order" (or a similar designation) unless and until the Court orders otherwise. The Parties agree that, as far as is reasonably practicable, designations and demands in this regard shall be tailored in such a way as to protect from disclosure only those portions of Court Papers that incorporate or disclose Confidential Material.

11. Subject to the Federal Rules of Evidence, Confidential Material may be presented to the Court, or offered in evidence, at trial or any court hearing in open court, but the designating party may move the Court for an order that the Confidential Material be received by the Court under conditions designed to limit its disclosure.

12. In the event that a receiving Party seeks to challenge the appropriateness of any "Confidential" designation, such Party shall consult in good faith with the producing Party in an effort to resolve the matter on an informal basis. If no agreement is reached, the burden of moving the Court shall be upon the receiving Party to seek an order permitting disclosure of the disputed material. The receiving Party shall give no less than five (5) business days written notice to the producing Party before seeking such an order. The burden of demonstrating the confidentiality of any document shall remain with the producing Party. Any document or testimony incorporating Confidential Material as to which such application to the Court is made

shall continue to be treated as "Confidential" until the Court rules or the motion is otherwise resolved.

13. The Parties' agreement upon the terms of this Order does not constitute a stipulation or acknowledgment by either Party regarding the production or discoverability of Social Security information. Any agreement(s) between the Parties as to the production or withholding of Social Security information shall be memorialized separate and apart from this Order.

14. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals. At the conclusion of the Action, the Parties shall promptly return to each other, or destroy, all Confidential Material and all information that reflects or refers to such Confidential Material, including tangible objects that contain Confidential Material in electronic form (e.g., on CDs, DVDs, etc.), that the Parties agree need not be retained as a "record." The Parties shall treat as confidential any Confidential Material that is retained, for as long as it is retained.

15. The Parties may, in lieu of returning such information to each other, certify in writing that such information has been destroyed. All deposition transcripts, briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material need not be destroyed or returned, but shall remain subject to the terms and conditions of this Order.

16. The inadvertent production of privileged or arguably privileged matters shall not be deemed to be either (i) a general waiver of the attorney-client privilege, attorney work product doctrine or any other privilege, or (ii) a specific waiver of any privilege or

protection as to the documents or other information being produced or testimony given. The production of any document or other information during discovery in the Action, which absent such production would have been in whole or in part privileged under the attorney-client privilege or the attorney work product doctrine, will not waive the attorney-client privilege or attorney work product doctrine as to any document or other information not produced, regardless of its subject matter. If counsel for any Party requests the return of a document otherwise protected or arguably protected by the attorney-client privilege and/or attorney work product doctrine, the non-requesting Party shall return the document to counsel, shall destroy all work product reflecting such document and shall be prohibited from making any copies of such document or disclosing its contents to anyone, notwithstanding any other provision of this Order. With respect to documents maintained in electronic form, the non-requesting Party shall completely and permanently erase or purge the document, such that it is no longer capable of being restored and viewed. The non-requesting Party may then move the Court for an order compelling production of the document, but shall not use the prior disclosure of the document as grounds for compelling its production.

Dated: November 30, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

______________________________
Jonathan J. Lerner (attorney-of-record)
Lauren E. Aguiar
William J. O'Brien
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000
Attorneys for Plaintiff

PETER D. KESSLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

KYLE CHADWICK
Trial Attorney
Civil Division
Department of Justice
Attn: Classification Division
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7644

SO ORDERED:

______________________________
Judge, United States Court of Federal Claims

# EXHIBIT A

1. I, ____________, have read the above Confidentiality Stipulation and Protective Order dated November 30, 2005 (the "Order"), which is incorporated by reference herein, and agree to be bound by its terms with respect to any Confidential Material that is furnished to me during the course of the Action.

2. I agree not to disclose Confidential Material to any person, other than those persons who are authorized to receive Confidential Material in accordance with Paragraphs 6 and 7 of the Order, and not to copy, save in electronic form or otherwise reproduce any Confidential Material that is furnished to me, except as otherwise provided for in the Order.

3. I agree that any Confidential Material furnished to me will be used by me only for the purposes of my involvement in the Action, and that I will not impart the substance or contents of any Confidential Material to any person who is not an authorized recipient of such information pursuant to Paragraphs 6 and 7 of the Order.

4. I hereby consent to the jurisdiction of the United States Court of Federal Claims with regard to any proceedings to enforce the terms of the Order or this agreement.

Dated: ________________.

By: ________________________________
(Printed Name)