IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HUNTLEIGH USA CORPORATION, Plaintiff, | No. 03-2670C |
| - against - | (Senior Judge Margolis) ECF Case |
| THE UNITED STATES, Defendant. | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER DELIBERATIVE PROCESS PRIVILEGE AND FOR EXPEDITED CONSIDERATION**

Pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully moves to compel defendant the United States (the "Government") to produce documents over which it has inadequately asserted the deliberative process/pre-decisional privilege (the "deliberative process privilege"). Pursuant to Rule 37(a)(2)(B) and Rule 10 of this Court's Case Management Procedures, undersigned counsel for Huntleigh certifies that it has attempted to confer in good faith with counsel for the Government in order to resolve the matters in dispute.

Given the significant delay and inconvenience already caused by the Government's failure to adequately assert the privilege over, and to produce, these documents in a timely manner, Huntleigh respectfully requests expedited consideration of this motion.

## INTRODUCTION

Once again, Huntleigh finds itself in the position of having to seek the Court's assistance in the face of the Government's continued refusal to comply with its discovery obligations, binding precedent and an Order of this Court. As recently as March 2006, this Court ordered the production of such documents where, as here, the Government failed to meet the procedural requirements for invoking the privilege. Pac. Gas & Elec. Co. v. United States, 70 Fed. Cl. 128, 144 (2006). On the basis of the Government's unilateral "disagreement" with the uniform case law of this Court regarding the deliberative process privilege, it failed to properly and timely assert the privilege in the first instance, then submitted a post hoc, facially inadequate declaration by the head of the TSA. Huntleigh therefore requests this Court to order the Government to immediately produce the documents it continues to improperly withhold on deliberative process privilege grounds.

## Background of Motion

On December 12, 2005, after numerous inquiries from Huntleigh, the Government belatedly served its privilege log, unaccompanied by any covering letter or explanatory correspondence regarding the privilege assertions. (See Ex. A.) Of particular concern was the Government's generic invocation of the deliberative process privilege over more than 80 documents, without any indication of why the withheld documents allegedly fell within the scope of this privilege.

On January 17, after hearing argument on the issue, the Court ordered the Government to "certify that the agency head of the [TSA] personally considered the contents of, and authorized the assertion of the deliberative process/pre-decisional executive privilege with regard to, each document for which the defendant asserts that privilege." (1/17/06 Order, Ex. B.) The Court's Order required, in accordance with relevant case law, that the head of the TSA certify that he had, prior to

the Government's invocation of the privilege, personally and thoughtfully considered the documents and authorized the assertion of privilege. (See 1/17/06 Transcript, Ex. C, at 29.)

In the wake of the Court's January 17 Order, the Government produced most of the documents over which it had originally attempted to assert the deliberative process privilege, suggesting (if not demonstrating), that privilege had not been properly asserted in many instances. On May 11, nearly four months after the Court's Order, the Government finally produced a declaration from the TSA Administrator, Kip Hawley ("Hawley Declaration"), purportedly supporting the assertion of the deliberative process privilege over the remaining 18 documents which appear directly relevant to this case.[1] (See Hawley Decl., Ex. D.) The Declaration states only that Hawley "personally reviewed each of the documents" and "determined that the deliberative process privilege applies." (Id. at ¶ 3.) The Declaration conspicuously fails to indicate when Hawley undertook this review (e.g., before the privilege was asserted or after the fact); whether, if Hawley did not undertake the review in the first instance, he had made an appropriate, formal delegation to counsel to invoke the privilege; and on what precise and certain deliberative process grounds the privilege had been asserted for each document. (See id.)

On May 18, Huntleigh alerted the Government to these inadequacies and explained that it would seek the Court's assistance if necessary. (5/18/06 Letter, Ex. E.) In response, the Government conceded that "Mr. Hawley did not personally authorize the assertion of deliberative process privilege in the Government's original discovery responses," that the privilege had been "asserted in

---

[1] The 18 remaining documents include: documents related to the January 23, 2002 testimony by John Magaw; emails concerning reimbursement for screening services absent a contractual obligation to do so; emails related to a study performed by the consulting firm Bearing Point; and a draft report entitled "Oversight of Security Screener Contracts." The Hawley Declaration does not reference bates numbers, so it is not even clear precisely which entries on the log are still being withheld.

the first instance by counsel," and that no further delegation had been "necessary." (5/22/06 Letter, Ex. F.) The letter also noted that, "to the extent any judicial decisions may suggest that a different timing or procedure is required for invoking the privilege, the Government simply disagrees." (Id.)

As the Court noted during the January 17 hearing and in its Order, applicable and recent case law requires the Government to determine – prior to the assertion of the privilege – that it is being properly asserted, and that this be done formally and with particularity. Because the Government admittedly has not appropriately asserted the deliberative process privilege over the documents it continues to withhold, the Government should be compelled to produce these documents promptly.

## ARGUMENT

The executive privilege, of which the deliberative process privilege is a subset, is an extraordinary privilege to be asserted by the Government only after careful and deliberate consideration. Jade Trading LLC v. United States, 65 Fed. Cl. 487, 495 (2005) ("It is of the greatest importance that the privilege be invoked only when policies it seeks to encourage are seriously threatened."); see also Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 389 (2004) ("Executive privilege is an extraordinary assertion of power which is 'not to be lightly invoked.'") (quoting United States v. Reynolds, 345 U.S. 1, 7 (1953)). Because the deliberative process privilege allows the Government to withhold documents ordinarily discoverable, the burden of justifying its assertion "'rests with the party seeking to invoke it,'" and the privilege "'is narrowly construed.'" Pac. Gas & Elec. Co. v. United States, 70 Fed. Cl. 128, 133 (2006) (citations omitted); see also Jade Trading, 65 Fed. Cl. at 495. Here, the Government has utterly failed to meet its burden, and it should be compelled to produce the documents it continues to withhold.

## I. The Government's Assertion of the Deliberative Process Privilege is Procedurally Flawed and Inherently Invalid

The Government failed to follow the clear procedural requirements necessary to properly invoke the deliberative process privilege and, as such, its invocation of the privilege is invalid. The deliberative process privilege must either be personally invoked by the head of a department or agency, Jade Trading, 65 Fed. Cl. at 496, or alternatively, "the head of an Agency can, when carefully undertaken, delegate authority to invoke the deliberative process privilege on the Agency's behalf." Marriott Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1308 (Fed. Cir. 2006).[2] This assertion of privilege must be made "in the form of a declaration or affidavit." Pac. Gas & Elec. Co., 70 Fed. Cl. at 134 n.8.

Further, as Judge Hewitt made abundantly clear just two months ago, the invocation of the deliberative process privilege – by the agency head or through explicit and careful delegation – must be made at the time of assertion of the privilege. See, e.g., Pac. Gas & Elec. Co., 70 Fed. Cl. at 135-36 (noting this process comports with the language of RCFC 26(b)(5)). In Pacific Gas, this Court unequivocally held that "the submission of post hoc determinations by government officials in response to plaintiff's motion to compel which invoke the privilege while stating that documents that have already been withheld by government counsel are indeed subject to the privilege appears to the court to be procedurally deficient." 70 Fed. Cl. at 144; see also, e.g., Anderson v. Marion County Sheriff's Dep't, 220 F.R.D. 555, 562 n.5 (S.D. Ind. 2004) ("[T]he time to make the showing that certain information is privileged is at the time the privilege is asserted, not months later when the

---

[2] Such responsibility may be delegated expressly and to someone who holds "a senior position within the Agency and is responsible for planning, administering and evaluating the Agency's disclosure policies and procedures." Marriott Int'l Resorts, 437 F.3d at 1308.

matter is before the Court."); Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992) ("[T] party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit... from the head of the department which has control over the matter."). As the Court noted, this threshold requirement ensures that the Government exercises appropriate care and restraint upfront in asserting this privilege to "'enhance the quality of agency decisions,'" and not to "further the litigation strategy of counsel who apparently, as in this case, decide when it will be asserted." Pac. Gas & Elec. Co., 70 Fed. Cl. at 145 (citation omitted). To allow otherwise puts courts and agencies on a "collision course" by placing the court in the position of having to evaluate claims of privilege which should have been carefully undertaken in the first instance by the agency at issue. Jade Trading, 65 Fed. Cl. at 495 (citing Cheney, 542 U.S. at 389).

In this case, the deliberative process privilege was asserted on December 12, 2005, by counsel for the Government, without formal delegation. The Hawley Declaration, served five months after the privilege was asserted, is an impermissible attempt to retroactively justify the assertion of the privilege and is insufficient to protect the documents at issue.

The Government high-handedly dismisses controlling case law, claiming that "the usual and proper Department of Justice procedures" direct otherwise and that, "[t]o the extent any judicial decisions may suggest that a different timing or procedure is required for invoking the privilege, the Government simply disagrees." (See 5/22/06 Letter, Ex. F.)

This is not the first time that the Government has claimed that its "disagreement" with case law somehow justifies the invocation of the deliberative process privilege in whatever manner it sees fit. At the January 17 hearing, counsel for the Government represented that the Government disagreed with the settled case law on this point. The Court properly rejected this position. (See

1/17/06 Transcript, Ex. C, at 28-29.) The Government's continued "disagreement" with legal precedent notwithstanding, it remains under an obligation to follow the necessary procedures for asserting the deliberative process privilege, and having failed to so, it must produce these documents.

II. The Government Fails to Identify the Precise and Certain Reasons For Its Assertion of the Deliberative Process Privilege

As a separate and independent ground to overrule the assertion of any deliberative process privilege, on its face, the Hawley Declaration fails to state "with particularity" the information that is subject to the privilege, or the "precise and certain reasons" for maintaining the confidentiality of the documents. Standing alone, the claim of privilege fails for this reason as well. See Walsky Constr. Co. v. United States, 20 Cl. Ct. 317, 320 (1990).

For a document to be protected by the deliberative process privilege, "it must be both 'pre-decisional' and 'deliberative.'" Pac. Gas & Elec. Co., 70 Fed. Cl. at 133 (quoting Jade Trading, 65 Fed. Cl. at 493). To qualify as pre-decisional, the document must address matters "antecedent to the adoption of an agency policy." Walsky Constr. Co., 20 Cl. Ct. at 320 (quotation omitted). To qualify as deliberative, the document must reflect "the give-and-take of the consultative process," Jade Trading, 65 Fed. Cl. at 493-94 (citation omitted), and must address "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Walsky Constr. Co., 20 Cl. Ct. at 320. It bears emphasis that, "'factual findings and conclusions, as opposed to opinions and recommendations,' are not protected." Pac. Gas & Elec. Co., 70 Fed. Cl. at 134 (citation omitted). Finally, the proponent of the privilege must explain "with particularity how or why disclosures of the substance of the documents would harm an identified deliberative function." Id. at 138 n.11. In Pacific Gas, this Court overruled a more specific claim of

deliberative process privilege than the one made here, holding in language equally applicable here: "vague, general and conclusory statements" fail to sufficiently support the assertion of privilege. 70 Fed. Cl. at 140 (citing Walsky Constr. Co., 20 Cl. Ct. at 320).

The Government's belated attempt to justify withholding the remaining documents fails to state the proper grounds for asserting the privilege. For example, in two sweeping paragraphs, the Declaration generally states that 13 documents, relating to John Magaw's January 23, 2002 testimony, are emails, tentative and unverified proposals, and drafts of testimony, without reference to any final agency policy that resulted.[3] (Hawley Decl., Ex. D, at ¶¶ 5-6.) As other examples, document 16 appears to be an utterly unprivileged e-mail chain unconnected to the adoption of any agency policy and document 18 is described as including "tentative conclusions," with no detail as to how it contributed to the give-and-take of the deliberative process or any resulting definitive agency policy. (Id. at ¶¶ 8,10.) Finally, although the Hawley Declaration makes boiler-plate assertions of harm, it fails to specifically identify why or how disclosure of any of these documents would actually undermine the policies the privilege is meant to protect.[4]

"The mere fact that an agency uses a document during policy discussions does not trigger the privilege", and, to qualify for protection, the document "must directly recommend courses or

---

[3] If the Government is maintaining that Mr. Magaw's testimony does in fact memorialize final and explicit TSA policy, then the Declaration should have stated this. In that event, Huntleigh understands the Government's position to be that the testimony, which includes the admission that the TSA was going to assume screening contracts on February 17, 2002, represents the TSA's official position on this issue.

[4] Even if the Government had properly identified a theoretical harm, that harm would be ameliorated by the protective order already in place in this case. Given the protective order, there is no explanation as to how "the documents in question here are so sensitive that disclosure would compromise the agency decision-making process to such a degree that the public interest in full disclosure is outweighed." Pac. Gas & Elec. Co., 70 Fed. Cl. at 141 (quotation omitted).

prescribe options for a specific agency decision or policy change." Walsky Constr. Co., 20 Cl. Ct. at 321. In short, the Hawley Declaration describes documents which are relatively routine, internal agency drafts and documents that do not qualify as "pre-decisional" and "deliberative" in the narrow sense required to invoke this privilege. See Pac. Gas & Elec. Co., 70 Fed. Cl. at 134. The Government's boiler-plate approach "merely paraphrase[s] . . . the rationale for the deliberative-process privilege described in case law," rather than the required specificity, and is simply not enough to excuse it failure to produce these documents. See id. (quotation omitted).

III. The Government's Failures To Properly Assert the Privilege Mandate Disclosure

Finally, in Pacific Gas, the court recently affirmed the proposition that where procedural defects have hampered the assertion of privilege as described above, the court need not determine whether these documents meet the substantive legal standards of the privilege by being "pre-decisional" and "deliberative." 70 Fed. Cl. at 136. Nor is the court required to "'balance the competing interests of the parties,'" or to determine whether Huntleigh has made "'a showing of compelling need [to] overcome the qualified deliberative privilege.'" See id. (citations omitted). The court's conclusion to revoke privilege may simply be "based on the fact that [the Government] has failed to meet the procedural requirements for invoking the deliberative process privilege." Id. at 136-37; see also United States v. O'Neill, 619 F.2d 222, 227 (3d Cir. 1980) ("The indiscriminate claim of privilege may in itself be sufficient reason to deny it."). The Government has clearly not satisfied the procedural requirements, despite afforded every opportunity to do so, and the Court need not even reach the actual substance of the documents in this instance. The Government should thus be compelled to immediately produce the documents it continues to improperly withhold.

**Request for Expedited Consideration**

Pursuant to the Scheduling Order in this case, document production was to be completed in February, fact depositions have long been concluded, and the deadline for filing pre-trial submissions is quickly approaching. The Government's inadequate and belated attempt to assert the deliberative process privilege only now has significantly delayed the production of documents that should have been disclosed months ago. Thus, Huntleigh respectfully requests expedited consideration of this motion, and that the Government be compelled to immediately produce the remaining documents, so that Huntleigh may assess and utilize any pertinent documents which the Government continues to inappropriately withhold.

**CONCLUSION**

For the foregoing reasons, Huntleigh respectfully requests expedited consideration of this motion, and an order (1) granting the motion in its entirety; (2) compelling the Government to produce the withheld documents; and (3) granting such other relief the Court deems just and proper.

Dated: May 30, 2006
New York, New York

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000
Attorneys for Plaintiff