IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, Plaintiff, | : | No. 03-2670C |
| - against - | : | (Senior Judge Margolis) ECF Case |
| THE UNITED STATES, Defendant. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER DELIBERATIVE PROCESS PRIVILEGE**

Pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully replies to the Defendant's Opposition to Huntleigh's Motion to Compel Production of Documents, filed on June 8, 2006.

The Government continues to assert that its invocation of the deliberative process/pre-decisional privilege is both procedurally and substantively sound, despite binding and recently reaffirmed precedent in the Court of Federal Claims that suggests otherwise. In its response brief, the Government suggests only that there is *some authority*, *from other courts* to support the propositions that (i) the agency head does not have to approve the invocation of the privilege at the time it is asserted, but rather can do so after the fact, and after Government lawyers have made the privilege determination and (ii) an affidavit supporting the approval by the agency head need only be produced in response to a motion to compel. In fact, the Government admits that the agency head in this case did not conduct any review of the allegedly privileged documents until after the DOJ lawyers unilaterally withheld the documents, after the privilege log was

produced, after Huntleigh raised the issue with the Court, and nearly four months after the Court entered its January 17, 2006 Order. For the reasons explained more fully in Huntleigh's moving papers, and detailed below, this Court should require production of the withheld documents due to the procedural and substantive inadequacy of the Hawley Declaration.[1]

**The Government Effectively Admits That Its**
**Assertion of the Privilege is Procedurally Defective**

Huntleigh's moving papers analyzed the case law from this Court regarding the deliberative process privilege, including Judge Hewitt's recent decision in Pac. Gas & Elec. Co. v. United States, 70 Fed. Cl. 128, 143 (2006) ("PG&E I"). In an attempt to minimize the import of that opinion, the Government cites to, and mischaracterizes, an April 27, 2006 unpublished slip opinion in that case. See Pac. Gas & Elec. Co. v. United States, No. 04-74C, slip op. (Fed. Cl. April 27, 2006) ("PG&E II"). However, the slip opinion merely reaffirmed the principles expressed in the original decision. Id. at 6. Reiterating its earlier holding, the Court underscored the applicable public policy, and explained that the deliberative process privilege should be determined in the first instance by "the agency head or official to whom authority has been delegated, *rather than government counsel*." Id. at 4 (emphasis added). Based on this rationale, the court held that the Government's practice of obtaining affidavits after-the-fact (rather than during discovery when the privilege was first asserted) was "'procedurally deficient,' thereby eroding the credibility of defendant's claim of the privilege." PG&E II, slip op. at 4 (quoting PG&E I, 70 Fed. Cl. 128, 143). Judge Hewitt reiterated that "in order to possess credibility and survive scrutiny, this determination [to invoke the privilege] should be made by a government

---

[1] The Government implicitly concedes that its position is inconsistent with the decisions issued by Judges of this Court, because the Government is only able to assert that its position is allegedly consistent with the "practice" (rather than the case law) of this Court.

official at the time the government asserts the deliberative process privilege." Id. When the determination is made only after the fact, it is appropriate for the Court to apply "heightened scrutiny" to the Government's assertion of the privilege. Id. at 5.

The Government's selective reading of PG&E II does not end there, however. The Government relies on authorities cited in PG&E II for the proposition that certain cases recognize that the deliberative process privilege need not be invoked until after a motion to compel is filed. (Gov't Opp. at 5.) However, none of those cases are from this Court and none "state that a court may not consider the fact that the government did not formally invoke the privilege with supporting affidavits at the time the government asserted the privilege in determining whether the procedure used by the government for invoking the privilege supports a finding that the privilege claim is sufficient or credible." PG&E II, slip op. at 5 n3.

Given that the privilege in this case was asserted by *government lawyers* and then justified by the agency head *months later*, the Government's assertion of the privilege clearly lacks credibility and its claims of privilege should therefore be denied under the heightened standard of scrutiny that must be applied. Indeed, the fact that the Government ended up producing to Huntleigh a number of the documents that were initially withheld (Gov't Opp. at 1) only after Huntleigh sought relief, underscores the fact that the assertions of privilege were not carefully undertaken in the first instance.

Cognizant of these issues, this Court's January 17 Order required the Government to "certify that the agency head of the [TSA] personally considered the contents of, and *authorized the assertion of the deliberative process/pre-decisional executive privilege with regard to,* each document for which the defendant asserts that privilege." (1/17/06 Order, Huntleigh's Moving Papers, Ex. B) (emphasis added). The Government admits that Mr. Hawley was neither

"personally involved in, [n]or approved, the initial assertion of deliberative process privilege by Government counsel during discovery." (Gov't Opp. at 2.) In addition, the Hawley Declaration was served *five months* after the deliberative process privilege was asserted by the Government's lawyers. Now that it has been received, the Declaration is a wholly inadequate attempt to justify, retroactively, the Government's initial (and improper) assertion of privilege. To permit the Government to assert deliberative process privilege in such circumstances would improperly "further the litigation strategy of counsel who apparently, as in this case, decide when it will be asserted." PG&E I, 70 Fed. Cl. at 145; see also Jade Trading, LLC v. United States, 65 Fed. Cl. 487, 495 (2005) (refusing to allow government attorneys to assert the privilege as "the judgment of attorneys engaged in litigation is very likely to be affected by their interest in the outcome of the case").

**The Declaration is Substantively Inadequate**

The Hawley Declaration's failure to give "precise and certain reasons" for withholding the documents provides a separate and independently sufficient ground for rejecting the Government's assertion of the deliberative process privilege. The Declaration simply does not establish that the documents over which privilege is claimed address matters "antecedent to the adoption of an agency policy," Walsky Constr. Co. v. United States, 20 Cl. Ct. 317, 320 (1990) (quotation omitted), or show how disclosure of the documents "would harm an identified deliberative function." PG&E I, 70 Fed. Cl. at 139 n.11.

The Government offers a number of purported "policies" to which the documents were directed. However, the Government relies on an overly broad and malleable definition of policy, which would lead to the self-fulfilling and unjustifiable result that the privilege would attach to

all routine, internal drafts and documents simply because they emanated from government agencies.

Furthermore, rather than provide "precise and certain reasons" for maintaining the privilege based on a purported harm that might result from disclosure, the Hawley Declaration simply recites variations on the same theme -- that disclosure would inhibit open debate. (See Gov't Opp. at 8, 9.) Such boiler-plate recitations of harm, embodying "vague, general and conclusory statements" fail to support the assertion of privilege. PG&E I, 70 Fed. Cl. at 140 (citing Walsky Constr. Co., 20 Cl. Ct. at 320).

Finally, citing no case law, the Government rejects as supposedly "unprecedented" and "prov[ing] too much" Huntleigh's suggestion that, even if the Government were to identify a relevant harm, that harm could be ameliorated by the protective order already in place in this case. (Gov't Opp. at 10.) Again, the Government makes these bald assertions in the face of relevant case law to the contrary. See, e.g., PG&E I, 70 Fed. Cl. at 142 n.12 ("any need the government might have for confidentiality … is diminished by the fact that the court has issued a Protective Order in this case"); CACI Field Services, Inc. v. United States, 12 Cl. Ct. 680, 687 (1987) ("any concerns going more to the integrity of the bidding process in general can be accommodated by limiting disclosure to plaintiff's counsel.").

## **CONCLUSION**

For the foregoing reasons, Huntleigh respectfully requests expedited consideration of this motion, and an order (1) granting the motion in its entirety, (2) compelling the Government to produce the withheld documents, and (3) granting such other relief the Court deems just and proper.

Dated: June 21, 2006
New York, New York

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Plaintiff