# In the United States Court of Federal Claims

| | |
|---|---|
| HUNTLEIGH USA CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | No. 03-2670C<br>(Filed: July 25, 2006)<br>Deliberative process pre-decisional executive privilege; declaration produced in response to motion to compel. |

## O R D E R

On May 30, 2006, plaintiff, Huntleigh USA Corporation, filed a Motion to Compel Production of Documents Withheld Under Deliberative Process Privilege and for Expedited Consideration pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"). After careful consideration of the parties' written arguments, the court concludes that plaintiff is not entitled to the requested documents. Plaintiff's motion is therefore DENIED.

On December 12, 2005, defendant, United States, served plaintiff with the Transportation Security Administration Privilege Log in the Matter of Huntleigh USA Corp. v. The United States (Ct. Claims No. 03-2670c) (the "privilege log"). In it, defendant asserts the deliberative process/pre-decisional executive privilege (the "deliberative process privilege") over approximately 80 documents. After a hearing in court on January 17, 2006, the court ordered defendant to "certify that the agency head of the Transportation Security Administration personally considered the contents of, and authorized the assertion of the deliberative process privilege ... with regard to, each document for which the defendant asserts that privilege." Order of January 17, 2006. In response to this order, on May 9, 2006, Edmund "Kip" Hawley, Assistant Secretary, Department of Homeland Security, Transportation Security Administration (the "TSA Administrator"), executed the Declaration of Kip Hawley (the "Hawley Declaration"). In it, the TSA Administrator exercises the deliberative process privilege over 18 documents identified on the privilege log. Defendant provided the Hawley Declaration to plaintiff on May 11, 2006. Plaintiff then filed the present motion to compel production of the 18 documents, arguing that the Hawley Declaration is procedurally defective, and therefore invalid. For the

reasons stated below, the court finds the Hawley Declaration is not procedurally defective, and therefore a valid exercise of the deliberative process privilege.

Plaintiff argues that the Hawley Declaration is defective because it was not executed contemporaneously with defendant's privilege log. However, the procedural requirements for asserting the privilege "are satisfied through the production of a declaration or affidavit by the agency head, and produced in response to a motion to compel."[1] Abramson v. United States, 39 Fed. Cl. 290, 294, n.3 (1997). Accord In re Sealed Case, 121 F.3d 729, 741 (D.C. Cir. 1997)(holding that the White House did not "have an obligation to formally invoke its privileges in advance of the motion to compel."). Defendant executed and produced the Hawley Declaration in response to this court's order of January 17, 2006. The timing of defendant's formal invocation of the privilege is therefore proper.

Plaintiff also argues that the Hawley Declaration is defective because it fails to sufficiently identify the reasons for defendant's assertion of the deliberative process privilege with regard to the 18 documents. To protect documents under the privilege, defendant must state with particularity the information subject to the privilege, and provide precise and certain reasons for maintaining the confidentiality of the information. Walsky Constr. Co. v. United States, 20 Cl. Ct. 317, 320 (1990). Specifically, the information must be both pre-decisional and deliberative in nature. Id. In the Hawley Declaration, the TSA Administrator describes the content of the 18 documents at issue, states the policy decision each document relates to, and describes the potential harm to the agency if each document were disclosed. The court finds the Hawley Declaration satisfies the requirements for formal invocation of the deliberative process privilege.

For the reasons stated, the court finds that defendant is not required to produce the requested documents, and plaintiff's motion is therefore DENIED.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

[1] In Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 128 (2006), Judge Hewitt held that formal assertions of the deliberative process privilege executed in response to a motion to compel are subject to a heightened level of scrutiny. Pacific Gas & Elec. Co. v. United States, 2006 WL 1707241 at *2-3 (Fed. Cl.).