IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2670C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SURREPLY

Defendant, the United States, respectfully responds to the motion filed on August 15, 2006 by plaintiff, Huntleigh USA Corporation, seeking leave to file the surreply which is attached to the motion. Huntleigh argues that "[w]ithout the opportunity to respond to . . . entirely new arguments, [it] will be unfairly subjected to serious prejudice." Pl. Mot. 2. The Court should deny the motion upon the following grounds.

1. Pursuant to the Court's Rules, a moving party has the final word. RCFC 5.2(a)(3). Huntleigh did not file a cross-motion for summary judgment. However, Huntleigh (i) filed 61 additional proposed findings of fact and (ii) requested partial summary judgment in its brief in opposition to our motion. Pl. Opp. 46. It now seeks to file a second brief, which would bring the number of pages of briefing filed by Huntleigh to 62 – not counting its proposed findings of fact, its responses to our proposed findings, and the argument in its instant motion, Pl. Mot. 2 (alleging "powerful evidence of . . . serious injury") – as compared to 52 total pages of briefing by the Government, the movant. If Huntleigh's surreply is accepted, Huntleigh will have availed itself of all of the filings of a moving party, without actually filing a motion, to which we would have been entitled to additional time, and additional pages, to respond. RCFC 5.2(b)(2), 7.2(e). That result would unduly reward briefing tactics and violate the intent of the Rules.

2. We did not raise "new arguments" in our reply. See Pl. Br. 3-4. With the exception of United States v. Brooklyn Union Gas, 168 F.2d 391 (2d Cir. 1948), and Lee County v. T&H Assoc., Ltd., 395 So. 2d 557 (Fla. 1981), each of which is cited in a decision upon which Huntleigh relied in its opposition, our reply relies substantially upon the authorities regarding the proper calculation of damages which were cited either in our moving brief, Huntleigh's brief, or both. To the limited extent we cited additional authorities, e.g., Jaffe v. United States, 220 Ct. Cl. 666 (1979), cited in Reply 8, Huntleigh's proposed surreply does not address them.

Our motion properly noted the absence of genuine issues of material fact with respect to the existence of compensable damages, as to which we do not bear the burden of proof. See RCFC 56(b), (c). In response, Huntleigh did not controvert the specific (largely audited and public) financial data upon which we relied. Instead, among other things, Huntleigh invoked the opinions expressed by its damages expert and argued that "[g]iven this quintessential 'battle of the experts' regarding the damages suffered by Huntleigh as a result of the taking of its business, summary judgment is foreclosed." Pl. Opp. 2 n.3. Huntleigh included in its appendix, among other things, (i) the transcript of its expert's deposition, which took place, as proposed by plaintiff, on June 27, 2006, almost a month after we filed our motion; (ii) an affidavit of the expert dated July 14, 2006, i.e., 45 days after we filed our motion and more than two weeks after his deposition; and (iii) a "revised" version of the expert's report, dated July 13, 2006.

It was entirely appropriate for us to address the documents in Huntleigh's appendix in our reply. We properly rebutted Huntleigh's damages arguments by citing the identical documents, and the same law, upon which Huntleigh had relied. Cf. Arakaki v. United States, 62 Fed. Cl. 244, 246 (2004) (stating Government raised new grounds for motion to dismiss, including statute

of frauds, in reply), cited in Pl. Opp. 3; Polycast Tech. Corp. v. Uniroyal, Inc., 792 F. Supp. 244, 269 (S.D.N.Y. 1992) (stating defendants ignored a prior decision in the same case in a "lengthy" moving brief and attempted to distinguish it only in their reply), cited in Pl. Opp. 4. Whether we could have written the same things "in [our] opening brief" is irrelevant. See Pl. Mot. 2; Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying leave to file surreply arguing defendant's reply "mischaracterized [plaintiff's] position"). Furthermore, section II.D of Huntleigh's proposed surreply does not even purport to respond to "new" arguments and contains only general criticisms of our reply. Pl. Surreply 12-13.

3. To the extent the proposed surreply contains reasoned argument of the merits – as opposed to plaintiffs' customary ad hominem rhetoric, e.g., id. at 1 n.2 (asserting our expert "cavalierly claimed" opinions in his report), 9 ("random speculation"), 10 ("baseless attack," "disingenuous assertion"), 12 & n.7 ("specious motion," "ipse dixit"), and a summary of its expert's report, id. at 4-7, which is already in the record – Huntleigh made those same arguments in its opposition brief, e.g., Pl. Opp. 2 n.7, 14-16, 32-36, 38-40, and it is free to repeat or expand upon them at oral argument. Pursuant to the Court's Rules, the briefing has ended. It should not be extended in the absence of good cause.

## CONCLUSION

For the reasons given above, we respectfully request the Court to deny Huntleigh's motion for leave to file a surreply.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

AMY ALLEN RUGGERI
Assistant Chief Counsel
For Litigation

JANESSA L. GRADY
Attorney-Advisor
Office of the Chief Counsel
Transportation Security
Administration

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644

Attorneys for Defendant

August 17, 2006

CERTIFICATE OF FILING

I certify that the attached was filed electronically on August 17, 2006. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick