IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, | : | |
| Plaintiff, | : | No. 03-2670C |
| | : | (Senior Judge Margolis) |
| v. | : | |
| THE UNITED STATES, | : | |
| Defendant. | : | |

**SUPPLEMENT TO CONTENTIONS OF FACT AND LAW: PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST AND EXHIBIT LIST**

Pursuant to the Rules of the United States Court of Federal Claims, Plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully submits the following objections to Defendant's Witness List and Exhibit List.[1]

**Defendant's Witness List**

Huntleigh objects to the inclusion of David Sass, Huntleigh's outside legal counsel regarding corporate matters, on relevancy grounds. The Government has stated that it seeks to use Mr. Sass's testimony regarding "the negotiation, award and performance of plaintiff's interim passenger and baggage screening contract in 2002." This issue is not relevant to the claims or defenses in this case. Even assuming this issue were relevant, Mr. Sass is not an employee of Huntleigh and does not reside or work within 100 miles of the Court.

Huntleigh reserves its right to object to the testimony of Robin "Chuck" Burke, who is on Defendant's witness list, but will not be deposed until October 26, 2006.

**Defendant's Exhibit List**

Huntleigh objects to the following exhibits listed on the Government's exhibit list:

No.3: "Deposition of David Sass in ODRA [Office of Dispute Resolution Administration] docket 04-TSA-008 (June 13, 2006)."[2] If the Government offers this exhibit,

[1] While Huntleigh had hoped to resolve some of these objections prior to raising them with the Court, we did not receive a response from the Government to our telephone calls on Thursday, October 19 and Friday, October 20, 2006. Thus, as of Friday afternoon, Huntleigh felt that it was unable to submit an accurate presentation of the current state of its objections in the Memorandum of Contentions of Fact and Law. Accordingly, Huntleigh submits its outstanding evidentiary objections to Defendant's Witness List and Exhibit List.

Huntleigh objects on the grounds that Mr. Sass's testimony in an unrelated proceeding -- given in response to questioning that is of no relevance to the claims in this case, and regarding his opinion of Huntleigh's contracts -- is wholly irrelevant. Huntleigh also objects on hearsay grounds.

No. 13: "Testimony of the Air Transport Association on the Financial Condition of the Airline Industry." Huntleigh objects on relevance and foundation/authenticity grounds. The authenticity objection could be cured by the Government providing Huntleigh with an official copy of the document, which the Government has indicated it will do.

No. 14: General Accountability Office, "Commercial Aviation: A Framework for Considering Federal Assistance." Huntleigh objects on relevance grounds.

No. 15: "Transcript of Subcommittee on Aviation, House Committee on Transportation and Infrastructure: Hearing on Aviation Security and Future of the Aviation Industry." Huntleigh objects on hearsay and foundation/authenticity grounds. The authenticity objection could be cured by the Government providing an official copy, which the Government has indicated it will do.

No. 16: "Congressional Record, Oct. 11, 2001 (Senate roll call vote on ATSA bill)." If this one aspect of the legislative history of ATSA is offered as an exhibit, then other aspects of the history should be included as exhibits for completeness. Thus, Huntleigh designated other documents reflecting the Act's legislative history on its Exhibit List as Nos. 626-630.

Dated: October 23, 2006

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Plaintiff
Huntleigh USA Corporation

Of counsel:

Sarah Heckman Yardeni
Elliot Friedman

---

*(cont'd from previous page)*

[2] The Government stated that it would withdraw this Exhibit if the parties were able to stipulate to certain facts. Huntleigh informed the Government on October 20 that it could not agree to the stipulation requested.