IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, Plaintiff, | : | No. 03-2670C (Senior Judge Margolis) |
| v. | : | |
| THE UNITED STATES, Defendant. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**ITS REQUEST TO ADD DOCUMENTS TO ITS EXHIBIT LIST**

Plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully submits this memorandum of law, pursuant to the Rules of the United States Court of Federal Claims (RCFC), Appendix A, in support of its request to include certain documents on its trial exhibit list.

INTRODUCTION

On October 17, 2006, prior to an agreed-upon teleconference between the parties to discuss evidentiary issues, before the deadline for pre-trial submissions, and approximately one month prior to the commencement of trial, Huntleigh put the Government on notice of its intent to include 18 additional exhibits on its trial exhibit list. All of these exhibits are public documents and/or have been previously provided to, or explicitly relied on by the Government. None of the documents come as a surprise to the Government, which will have more than

sufficient time to review these documents before the trial. The additional exhibits consist of: (i) articles regarding the screening industry considered by Huntleigh's expert, Christian Tregillis, as referenced, for example on pages 4 and 9 of his Report and in his Rebuttal Report; (ii) the identity of certain employees Huntleigh had to terminate because of ATSA (a document that originally was provided to the Government on October 21, 2005); (iii) the Fraport AG Annual Report 2005; (iv) ICTS Forms 20-F; and (v) a letter from the President of the United States to the House of Representatives, dated October 25, 2001. Because the Government would suffer no prejudice whatsoever from inclusion of these exhibits, Huntleigh respectfully requests permission to include them on its Exhibit List.

## ARGUMENT

Where, as here, the other side will suffer no prejudice, this Court has held that evidence not previously disclosed, as late as *trial*, pursuant to RCFC Appendix A ¶ 13 may be introduced. See, e.g., Yankee Atomic Electric Co. v. United States, __ Fed. Cl. __, 2006 WL 2848615, at *26 (Oct. 4, 2006) (permitting witness who had not been disclosed on witness list pursuant to RCFC App. A ¶ 13, to testify, where there was no prejudice or surprise to defendant). *A fortiori*, where, as here, such evidence is disclosed well in advance of trial, and will pose absolutely no prejudice or surprise to the Government, it should be permitted. Id. In Banghardt v. Origoverken, A.B., 49 F.3d 1302, 1304 (8th Cir. 1995), the Court of Appeals for the Eighth Circuit squarely held that failure to list a document on the exhibit list, in technical violation of a local rule, did not result in exclusion because there was no substantial prejudice to the other side where both sides were aware of the exhibit prior to trial. See also Delaney v. Detella, No. 98 C 4476, 2004 WL 525007, at *3 (N.D. Ill. Mar. 11, 2004) (allowing exhibit that was not on either

parties' exhibit list to be used at trial where both parties were familiar with the exhibit and the party resisting its admission had mentioned it in prior filings).

It bears emphasis that this is not a situation where Huntleigh is attempting to "ambush" or surprise the Government at trial with new documents by trying to introduce them as eleventh-hour exhibits. On the contrary, as soon as Huntleigh became aware of the omission, the documents were immediately provided to the Government -- on October 17, almost a month before trial. As a result, the Government has had more than sufficient notice of these documents and ample time to consider them (and indeed to object to them on evidentiary grounds, if necessary).[1] The new exhibits consist of the following documents.

**Exhibits 608-615, Newspaper articles:** These documents are newspapers articles from national publications. Although Mr. Tregillis relied up this information in his Report and Rebuttal Report, Huntleigh only recently received copies and became aware that these documents were not on its exhibit list. In all, these articles total 16 pages.

**Exhibit 616, Employee List:** One year ago, on October 21, 2005, Huntleigh produced to the Government a list of employees that Huntleigh was forced to terminate when the Government appropriated its screening business. Huntleigh provided this list to the Government to assist the Government in answering one of Huntleigh's interrogatories, concerning how many former Huntleigh employees were hired by the TSA. Using the information Huntleigh provided, the Government was able to cross-reference the list of terminated Huntleigh employees with the list of employees hired by the TSA, a document listed on Huntleigh's exhibit list. For completeness, Huntleigh proposes to include the raw data provided to the Government, and this information is by no means "new."

**Exhibit 617, Fraport AG Annual Report 2005:** Fraport AG is the company to which ICTS sold its European operations in 2001, and is one of the comparable transactions listed in

---

[1] During a teleconference between the parties on October 17, and in its Memorandum of Contentions of Fact and Law, the Government argued that these exhibits should be precluded because the Huntleigh offered no "compelling reason" for failing to identify these exhibits earlier. (See Defendant's Contentions of Fact and Law at 24.) The Government expressed this position, even though the RCFC Appendix A ¶ 13 specifically permits counsel for the parties to agree to the addition of exhibits after the early meeting of counsel without the need to show a "compelling reason." ("Failure to list an exhibit [in connection with the early meeting of counsel] shall result in exclusion of that exhibit at trial absent agreement of the parties to the contrary or a showing of compelling reason for the failure.")(emphasis added).

Mr. Tregillis's Expert Report. Mr. Tregillis specifically listed the Fraport AG Annual Report as a reliance document in his May 16, 2006 Clarification Report, but the document was inadvertently omitted from Huntleigh's initial exhibit list. The Government has been on notice since May that Mr. Tregillis reviewed and relied upon this document.

**Exhibits 618-624, ICTS SEC Forms 20-F:** The Form 20-F for fiscal year 2004 is listed as Exhibit 8 on the Government's exhibit list. Huntleigh proposes to include the same documents, for different years. Furthermore, Mr. Tregillis listed these documents as reliance documents in his May 16, 2006 Clarification Report, so the Government has been on notice since May that Mr. Tregillis reviewed and relied upon these documents.

**Exhibit 625, Letter to the House of Representatives:** The October 25, 2001 letter from the President of the United States to the House of Representatives details the President's disapproval of a bill which provided for federalization of airport screening. This is a public document, of which the Government is aware, and is directly relevant to claims regarding when federalization would have been known to a hypothetical purchaser of Huntleigh.

The Government's harsh attempt to invoke the Court's rules to block this evidence is especially surprising given the Government's own disregard of the rules when it finds it expedient. During the early meeting of counsel on August 29, 2006, the Government explicitly refused to provide Huntleigh with its objections to Huntleigh's exhibits. This refusal violated RCFC Appendix A ¶ 13 which requires the parties to "resolve, if possible, any objections to the admission of . . . exhibits" during the early meeting of counsel. During a September 21 teleconference, the Court ordered the Government to provide Huntleigh with its objections so that the parties could attempt to resolve any objections, if possible, as provided by the RCFC. For weeks thereafter, no such objections were provided. Finally, on October 16, 2006, just two days before the parties were scheduled to negotiate the objections, the Government finally provided its objections to over 130 of Huntleigh's exhibits. In this context, it is ironic that the Government will not agree to the inclusion of these few exhibits on the basis of "untimeliness." (See Defendant's Contentions of Fact and Law at 24.)

Huntleigh respectfully requests that the Court permit the additional documents to be included on Huntleigh's trial exhibit list.

Dated: October 25, 2006

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Plaintiff
Huntleigh USA Corporation

Of counsel:

Sarah Heckman Yardeni
Elliot Friedman