IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, Plaintiff, | : | No. 03-2670C (Senior Judge Margolis) |
| v. | : | |
| THE UNITED STATES, Defendant. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HUNTLEIGH'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING ANY FACTS AT TRIAL NOT SET FORTH IN ITS MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to Rule 16(f), Rule 37(b)(2) and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully submits this memorandum in support of its motion for an order precluding defendant the United States (the "Government") from introducing, asserting or relying on contentions of fact at trial that are not contained in its Pretrial Memorandum of Contentions of Fact and Law, filed on October 20, 2006 (the "Gov't Memorandum").

## INTRODUCTION

On June 23, 2006, this Court issued a scheduling order (the "Order") directing the parties to file "simultaneous Memorandum of Contentions of Fact and Law" by October 16, 2006.[1] Although the Government filed a pretrial submission entitled "Defendant's Memorandum of Contentions of Fact and Law," it completely lacks any contentions of fact, as required by both the Court's Order and RCFC Appendix A ¶ 14(a)-(b). The Government's deliberate and flagrant disregard of this Court's Order and the RCFC -- not to mention ordinary practice -- is designed to create, and will result in, substantial prejudice to Huntleigh. On the uneven playing field created by the Government's gamesmanship, Huntleigh is deprived of knowledge of the factual contentions that the Government intends to assert at trial and, therefore, is seriously hindered in its ability to adequately prepare for trial. On its face, the Government's extraordinary -- and we submit brazen -- decision to omit any contentions of fact from its Memorandum of Contentions of Fact and Law is an improper attempt to ambush Huntleigh at trial. Accordingly, we respectfully urge this Court to issue an Order precluding the Government from introducing into evidence at trial any facts that are not included in the Government's Memorandum of Contentions of Fact and Law.

## ARGUMENT

### I. The Applicable Rules

RCFC 16(b)(6) permits this Court to enter orders that mandate when and how the parties must make pretrial filings. Such orders may include, among other things, "a direction that the parties file any of the submissions set out in Appendix A ¶¶ 14, 15, 16, or 17." Paragraph 14 of Appendix A requires that both plaintiff and defendant file a memorandum of contentions of fact

---

[1] The Court later extended this date to October 20, 2006. (See October 19, 2006 Electronic Order).

and law, each of which "shall contain . . . a full but concise statement of the facts [that party] expects to prove and a discussion of [the party's] position with respect to the facts on which [its opponent] is expected to rely." RCFC App. A ¶ 14(a); see also App. A ¶ 14(b) (contents of defendant's Memorandum). There is no distinction made in the RCFC between what is required for a plaintiff and a defendant.

Rule 16(f), entitled "Sanctions," vests discretion in the Court to provide an appropriate remedy for violations of Rule 16, and provides that when a party or a party's attorney "fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in RCFC 37(b)(2)(B), (C), (D)." RCFC 16(f). RCFC 37(b)(2), which outlines available sanctions and is specifically referenced in Rule 16, provides that a Court may issue as a sanction and order "prohibiting the [violating] party from introducing designated matters in evidence." RCFC 37(b)(2)(B).

In addition, Rule 16(f) provides that "in lieu of or in addition to any other sanction, the judge shall require the party . . . to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees…"

## II. The Government's Failure To Set Forth Its Contentions of Fact Constitutes a Violation of the Express Provisions of RCFC and the Court's Rule 16 Order

This Court's June 23, 2006 Order is a valid scheduling order within the meaning of RCFC 16(b)(6). The Government's inaccurately-styled "Memorandum of Contentions of Fact and Law" does not, in fact, contain contentions of fact. Instead, in an explicit repudiation of the Court's Order and the RCFC, the Government cavalierly contends that "it would generally serve little purpose to itemize, in this section, the facts we intend to prove at trial: It is more accurate to say we intend to disprove the factual elements of Huntleigh's claims." (Gov't Memo at 1-2.) On

their face, the RCFC are clear and unequivocal. They do not permit the Government to dispense with the rules because it high-handedly asserts that "it would serve little purpose" to comply with such rules and conceal the facts it intends to prove at trial. In fact, the Government's position -- that defendants are immune from this Court's Rules -- renders meaningless RCFC Appendix A ¶ 14(b), which specifically requires a defendant to provide contentions of fact "in the same form and content as plaintiff's." (emphasis added).

The Government's suggestion that as the defendant, it will only have to disprove Huntleigh's factual contentions and offer no affirmative contentions of its own, is disingenuous. Buried in its Memorandum of Contentions of Fact and Law, the Government provides a limited glimpse of a few of the "facts" it will seek to assert at trial. (See Gov't Memo at 7 ("Here, evidence adduced at trial, including the testimony for defendant of TSA procurement official Anthony Washington, will establish that the effect of ATSA upon Huntleigh's contracts was frustration, rather than a taking for public use."); id. at 17 ("Defendant's witnesses Anthony Washington and Robin "Chuck" Burke of TSA, among others, will establish that this process began more than a decade ago and accelerated during the late 1990s.").) Huntleigh has absolutely no idea, and neither does this Court, of what other factual contentions the Government will seek to offer at trial through the various individuals on its witness list and the documents on its exhibit list. As intended, this violation of the RCFC and this Court's explicit order puts Huntleigh at an unfair disadvantage going into trial, and places an additional and unnecessary burden on this Court as it prepares for trial.

Defendants, like plaintiffs, are required to outline their contentions of fact in pretrial submissions. See Manbeck v. Ostrowski, 384 F.2d 970, 975 (D.C. Cir. 1967) ("Counsel are required to prepare written pre-trial statements which must 'contain in concise form a concrete

and precise outline of the party's version of . . . his defense . . . including his contentions as to the facts and law.' Counsel are admonished that a general denial will not be sufficient . . . ; their statements are required to 'set out clearly . . . disputed issues of fact.'"). Contrary to the Government's unilateral decision to exempt itself from the requirements of the Court's Order and the RCFC, this Court has made clear that its "paramount responsibility to all parties in all cases cannot be exercised if the court allows defiance of its orders. In sum, our system of justice will not function if parties are free to pick and choose which of the court's orders they will obey." White Mountain Apache Tribe of Az. v. United States, 5 Cl. Ct. 288, 295 (Fed. Cl. 1984). Consequently, the Government's failure to articulate its contentions of fact is an unequivocal violation of the Court's Order and the RCFC and should not be countenanced.

III. The Government's Failure To Set Forth Any Contentions of Fact Undermines Rule 16's Goal of Eradicating Parties' Use of Surprise Tactics and Trial by Ambush

Rule 16 of the Federal Rules of Civil Procedure, and its direct analogy under the RCFC, aim "to do away with the old sporting theory of justice and substitute a more enlightened policy of putting the cards on the table . . . and keeping surprise tactics down to a minimum." Clark v. Penn. R.R. Co., 328 F.2d 591, 594 (2d Cir. 1964) (stating that the birth of pretrial procedure and development of Rule 16 of FRCP "represents one of the great Twentieth Century contributions to the improvement of judicial administration . . ."); see also Manbeck, 384 F.2d at 975 (""[T]he primary purpose of the pretrial procedure is to 'define the claims and defenses of the parties for the purpose of eliminating unnecessary proof and issues, lessening the opportunities for surprise and thereby expediting the trial.'" Only through substantial compliance with the pre-trial rules can these goals be attained.") (citations omitted); Price v. Inland Oil, 646 F.2d 90, 96 (3d Cir. 1981) ("'The chief purposes of the pre-trial conferences are to define and simplify the issues, to lessen surprise at trial and the risk of judicial error, to conclude stipulations on matters of

evidence, and to promote settlements.' . . . The courts have repeatedly focused on the element of surprise to determine whether it would be unjust to permit a party to argue a legal or factual theory at trial that had not been pursued in pre-trial procedures.") (citing 3 Moore's Federal Practice P. 16.03).

By failing to file contentions of fact, the Government has thwarted the purpose of RCFC 16 and deprived Huntleigh of any information regarding the factual issues it must confront at trial. That Huntleigh has laid on the table its factual and legal contentions, while the Government continues to employ dilatory tactics, creates precisely the sort of information asymmetry that characterizes trial by ambush.[2] The Government's strategy makes a mockery of this Court's Rules and the orderly pretrial process.

IV. The Government's Violation Is Best Remedied by Precluding the Government From Introducing at Trial Any Facts Not Contained in Its Pretrial Memorandum

In light of the Government's violation, Huntleigh respectfully submits that this Court should preclude the Government from introducing, asserting or relying on any factual contentions at trial not included in its Memorandum of Contentions of Fact and Law. As the language of RCFC 16(f) makes clear, a court that finds a party in violation of a scheduling or pretrial order has the authority to "refus[e] to allow the disobedient party to support or oppose

---

[2] Ironically, in its Memorandum of Contentions of Fact and Law, the Government actually accuses Huntleigh of "trial by ambush" because the Government was not satisfied with an answer provided by Huntleigh in response to a Government interrogatory regarding Huntleigh's damages, more than a year ago, in August 2005. (Gov't Memo at 13.) Since that time, the parties have exchanged document productions and engaged in fact depositions, expert discovery, expert depositions and summary judgment briefing -- all of which put the Government on notice of the nature of Huntleigh's damage claim. In addition, Huntleigh set forth in its Memorandum of Contentions of Fact and Law, factual contentions regarding its damages. By contrast, several weeks before trial, the Government has wholly failed to articulate any facts it intends to prove at trial. Those facts were not previewed in the Government's summary judgment briefs (which made no mention of facts), and were not included in its Memorandum of Contentions of Fact and Law. That is truly "trial by ambush."

designated claims or defenses, or [to] prohibit[] that party from introducing designated matters in evidence." RCFC 37(b)(2)(B), as incorporated by RCFC 16(f).

Exercising this inherent authority to fashion appropriate relief, Judge Allegra of this Court recently emphasized that "legal, and particularly, factual theories not raised in pretrial filings generally are considered to be waived or abandoned." Principal Life Ins. Co. v. United States, 70 Fed. Cl. 144, 157 (Fed. Cl. 2006) (emphasis added); cf. Rosemount, Inc. v. Beckman Instruments, Inc., 727 F.2d 1540, 1549-50 (Fed. Cir. 1984) (finding that a court did not abuse its discretion when it precluded a party from admitting expert evidence because "[the expert] was not identified in response to the court's order, thus implicating Rule 37(b)(2)(B), which authorize[d] the court . . . to prohibit [the disobedient party] 'from introducing designated matters into evidence.'"); Zwicker Knitting Mills v. United States, 1980 Ct. Cl. LEXIS 1231, at *30-35 (Ct. Cl. 1980) (holding, in an analogous situation, that a defendant was precluded from raising a new defense in its post-trial brief because it did not raise the issue in its pretrial submission).

In construing Rule 16 of the Federal Rules of Civil Procedure, which this Court has found to be virtually identical to RCFC 16, other federal courts have reached similar conclusions. See, e.g., McLean Contracting Co. v. Waterman Steamship Corp., 277 F.3d 477, 480 (4th Cir. 2002) ("[Defendant] contends that the district court's reliance on the pretrial order to exclude its third-party contractor defense was an abuse of discretion because it improperly placed the burden upon [the Defendant] to disprove the agency relationships asserted by [Plaintiff]. . . . The burden of proof on issues that have been placed in dispute, however, is independent of the burden to identify disputed issues."); Rios v. Bigler, 67 F.3d 1543, 1549 (10th Cir. 1995) (noting that the court has discretion to exclude from consideration issues and claims not raised in the pretrial order); Price, 646 F.2d at 95 ("[T]the scope of a case will be limited by the trial court itself in a

pretrial order [and] . . . [t]heories . . . not raised pre-trial may be considered dropped from the case.").

The remedy sought by Huntleigh is particularly appropriate in this case, where the Government (i) is well aware of the requirements of the RCFC Appendix A ¶¶ 14(a)-(b) and the Court's Order and (ii) intentionally disregarded these unequivocal requirements and chose to omit factual contentions from its pretrial submission. The Government should now be precluded from introducing any factual contentions not contained in its pretrial submission.

**CONCLUSION**

For the foregoing reasons, Huntleigh respectfully requests the Court enter an order (i) precluding the Government from asserting any contentions of fact at trial not set forth in its Memorandum of Contentions of Fact and Law; and (ii) requiring the Government, pursuant to RCFC 16(f), to pay the reasonable expenses incurred by Huntleigh because of the Government's noncompliance with Rule 16, including Huntleigh's reasonable attorney's fees for bringing this motion.

Dated: October 25, 2006

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Plaintiff
Huntleigh USA Corporation

Of counsel:

Sarah Heckman Yardeni
Elliot Friedman