IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2670C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

Pursuant to the Court's Rules ("RCFC") and the order issued during the pretrial conference, defendant, the United States, respectfully responds to the motion in limine filed on October 25, 2006 by plaintiff, Huntleigh USA Corporation, requesting the Court to "preclud[e] the Government from asserting any contentions of fact at trial not set forth in its Memorandum of Contentions of Fact and Law" and award Huntleigh fees and expenses. Pl. Mot. 8.

Plaintiff's motion in limine has no basis in the Rules or practice of this Court. Huntleigh cites no decisions of this Court, the Court of Claims, or the United States Court of Appeals for the Federal Circuit that adopt, or even support, its broadly preclusive interpretation of RCFC Appendix A ¶ 14, RCFC 16, or any predecessor Rule; and we know of none. We have not "fail[ed] to obey a scheduling or pretrial order," or committed any other act described in RCFC 16(f). Our pretrial memorandum complies with the RCFC and properly addresses all of the discrete "issues" in this case. RCFC App. A ¶ 14(a)(2). It is not atypical of the pretrial briefs we file upon a regular basis in this Court – especially where, as here, the Court has already issued two published decisions framing the issues in the case, and had previously indicated it would not invite pretrial proposed findings of fact and would receive post-trial briefs.

The fundamental premise of plaintiff's motion is flawed. Pretrial submissions pursuant to RCFC 16 and Appendix A are primarily for the benefit of the Court, in administering the trial, not for the benefit of the opposing party. Cf. FRCP 16 (1983 advisory comm. note, subdiv. (c)). Pretrial filings are not a form of last-minute discovery. Berger v. Brannan, 172 F.2d 241, 242-43 (10th Cir. 1949) (noting 1937 version of FRCP 16 "may not be turned into a device by which a litigant can make use of his opponent's preparation for trial and by which one may be compelled to reveal to his opponent the facts upon which his defense or cause of action is based; neither may a pre-trial conference take the place of a regular trial"); 6A Federal Practice and Procedure § 1528 (2006 update) ("Indeed, the success of the pretrial conference often depends upon the parties having completed their discovery proceedings beforehand.").

The Court's Rules require "a full but concise statement of the facts [defendant] expects to prove and a discussion of [its] position with respect to the facts on which [plaintiff] is expected to rely. " RCFC App. A ¶ 14(a)(1), (2) (emphasis added). We are not obligated to "prove" any "facts" in order to negate Huntleigh's case and defeat its claims for recovery, however. Rather, in addition to bearing the legal burden to establish a compensable property interest, Texas State Bank v. United States, 423 F.3d 1370, 1378 (Fed. Cir. 2005), cert. denied, 126 S. Ct. 2889 (2006), Huntleigh bears the burden of proof at trial with respect to all of the Penn Central factors, as well as damages. Penn Cent. Transp. Co. v. New York City, 438 U.S. 104, 123 (1978); Sacramento Grazing Assn. v. United States, 66 Fed. Cl. 211, 216 (2005). Given this, we properly organized our presentation of "the issues of fact and law to be resolved by the court," App. A ¶ 14(a)(2), around the elements of Huntleigh's claims, in analytical order, rather than

attempting to subdivide the claims into "law" and "fact" components. In so doing, we "discuss[ed]" our "position with respect to" Huntleigh's factual contentions. Id. ¶ 14(a)(1).

At the same time, the argument that our memorandum does not identify our own "factual theories" or "contentions" is insupportable. Pl. Mot. 4, 7 (citing Principal Life Ins. v. United States, 70 Fed. Cl. 144, 157 (2006)). Our preliminary factual discussion, alone, is three pages long and cites specific trial evidence concerning the "special benefits" issue, the only issue as to which we may bear a burden of persuasion. Def. Mem. 1-4. The remainder of the memorandum concisely, but fully, previews the factual matters we will pursue at trial, as well as stating our legal positions. Even assuming that, contrary to its wording, Appendix A ¶ 14(a) is applicable to factual matters that a party bears no burden to "prove" at trial, it nonetheless requires only a "statement" of those facts. Our pretrial memorandum unmistakably "states" our factual positions, throughout. Upon its face, paragraph 14(a) does not, as Huntleigh implies, require either individually numbered proposed findings of fact, or summaries of individual items of evidence upon which a party may rely at trial. That reading is not supported by either the text or case law.

The decisions upon which Huntleigh relies are uniformly inapplicable. None involved mere evidence that was not specifically mentioned in a pretrial brief. For example, in Rosemount v. Beckham Instruments, Inc., 727 F.2d 1540 (Fed. Cir. 1984), cited in Pl. Mot. 7, the Federal Circuit sustained the exclusion of testimony where the trial court had "ordered [plaintiff] to respond [to an interrogatory] and to permit the deposition of its experts," yet plaintiff later proffered expert opinion testimony that it had not disclosed. Id. at 1549. By contrast, we do not seek to introduce surprise expert testimony and we satisfied our discovery obligations. We timely served our expert's report, and he was deposed. Indeed, as noted in our pretrial

memorandum, it is Huntleigh that appears to have failed to respond in full to our interrogatory number 8, which sought disclosure of all of its damages calculations. Def. Mem. 13.

In Manbeck v. Ostrowski, 384 F.2d 970 (D.C. Cir. 1967), cited in Pl. Mot. 4, the appellate court actually reversed, as an abuse of discretion, the exclusion of testimony in support of a claim of privilege, which had not been raised before trial. Id. at 975-79. Noting, among other things, that, at the time the questions were posed on cross-examination, "the foundation facts for such a claim had already been admitted," the court of appeals found that allowing the testimony "would not have imposed on either contestant an additional burden disproportionate to the gain that justice always realizes when the opportunity to present one's case is maximized." Id. at 976. The case was remanded for a new trial. Id. at 979. Here, in any event, no such issue will arise, as we will not raise brand new arguments or theories at trial.

The conduct of plaintiff in White Mountain Apache Tribe v. United States, 5 Cl. Ct. 288 (1984), was more extreme than that seen in Manbeck. In that case, the tribe "did not comply with the court's orders regarding submission of expert reports and accompanying exhibits," arguing "that the court lacked jurisdiction to order preparation and pretrial exchange of and trial based on expert written reports . . . ." Id. at 290.

In both Principal Life, 70 Fed. Cl. 144, cited in Pl. Mot. 7, and McLean Contracting Co. v. Waterman S.S. Co., 277 F.3d 477 (4th Cir 2002), cited in Pl. Mot. 7, defendant attempted to raise an entirely new legal theory at trial. In Principal Life, the Court considered excluding, but did not exclude, a characterization of a transaction, for tax purposes, that defendant first raised "in the midst of its post-trial argument," relying upon a regulation it had not previously cited. 70 Fed. Cl. at 156-57. Even this new legal defense was considered, "because it is unclear whether

plaintiff was surprised or prejudiced by this new issue" and the record was "adequate" for it to be resolved. Id. at 157 (emphasis added). In McLean, the appellate court sustained the exclusion of a maritime defendant's argument, which it had not raised before trial, that it could not be held liable for conduct by its contractors. 277 F.3d at 480. No similar issues will arise in this case, because – unless Huntleigh does so – we will not raise theories or claims at trial that we have not already asserted.

Rios v. Bigler, 67 F.3d 1543 (10th Cir. 2002), cited in Pl. Mot. 7, and Price v. Inland Oil Co., 646 F.2d 90 (3d Cir. 1981), cited in Pl. Mot. 5 are, if possible, even further removed from any relevance to this case. The court of appeals in Rios sustained the trial court's refusal to issue jury instructions in a medical malpractice case concerning a theory of recovery ("loss of chance") that was not mentioned in plaintiff's pretrial filings. 67 F.3d at 1549. Conversely, in Price, the appellate court reversed "[t]he trial court's effort to resurrect [a] negligence claim" at trial, after plaintiff had "limited itself by its pre-trial memorandum to a strict liability theory." 646 F.2d at 95. Because we have no claims or counterclaims, no analogous theory of recovery could have been omitted from our pretrial brief. As noted, no trial theories of any kind were omitted.

Huntleigh's reliance upon obviously inapposite decisions such as these only underscores its inability to identify any legal basis for relief under these circumstances. Huntleigh is concerned that it might not know every subsidiary fact or detail to which we may draw the Court's attention at trial. However, nothing in the Court's Rules, its customary practices, or case law supports Huntleigh's argument that we were required to reveal all such information in our pretrial memorandum, upon penalty of exclusion of evidence. (Perforce, the Government was not placed on notice that evidence might be excluded upon those grounds.)

Finally, even assuming the Court – for which our pretrial submissions were principally written – is dissatisfied with our memorandum, no preclusion order should issue. The latter is a "severe" and "drastic" response, suited only to manifestly prejudicial violations of express orders. Bonds v. District of Columbia, 93 F.3d 801, 808-09 (D.C. Cir. 1996); see RCFC 16(f). Nothing of that kind has occurred here. Instead, if the Court discerns any possible merit in the motion in limine, rather than short-circuiting the trial, it should await the presentation of evidence, to determine whether, in any specific instances, Huntleigh's claims of "ambush" and surprise ring true, i.e., whether we attempt to "prove facts" or pursue theories at trial that Huntleigh could not reasonably have foreseen. Cf. Manbeck, 384 F.2d at 976 (counseling that "adequate exploration must precede a finding that prejudice will be the consequence of" modifying pretrial order).

CONCLUSION

For the reasons given above, we respectfully request the Court to deny the motion in limine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
by Jeanne E. Davidson
DAVID M. COHEN
Director

OF COUNSEL:

AMY ALLEN RUGGERI
Assistant Chief Counsel
For Litigation

JANESSA L. GRADY
Senior Counsel
Office of the Chief Counsel
Transportation Security
Administration

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644

Attorneys for Defendant

November 1, 2006

CERTIFICATE OF FILING

I certify that on November 1, 2006, the attached was filed electronically. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick