IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HUNTLEIGH USA CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 03-2670C<br>(Senior Judge Margolis) |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ASSERTING FACTUAL CONTENTIONS NOT SET FORTH IN ITS MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully submits this reply brief in response to the opposition filed yesterday (the "Government's Opposition") by defendant the United States (the "Government"). We had fully expected the Government to respond to Huntleigh's motion by submitting its factual contentions and attempting to "cure" its default. Its failure to do so, even belatedly, compounds the prejudice to Huntleigh. Huntleigh respectfully submits that if there were any doubt – and there is none – that the Government has intentionally violated RCFC Appendix A ¶ 14 ("RCFC Paragraph 14"), it is dispelled by its continued refusal to disclose the "facts they intend to prove at trial" or their "position with respect to the facts" on which Huntleigh is expected to rely.

It bears emphasis that the Government has continued its refusal to disclose "the facts it expects to prove at trial," as clearly required by the rules of this Court, but it has no compunction about expending its resources in its pretrial brief to repeat <u>yet again</u> the same discredited legal

arguments that this Court has rejected on at least three prior occasions – even rehashing its stubborn refusal to accept that the Supreme Court's unanimous holding in Lingle means what it says. (See Gov't Pretrial Memo. at 10-11.)

First, the Government's primary attempt to justify its refusal to comply with the unequivocal text of RCFC Paragraph 14 is to rewrite it. In doing so, the Government knowingly distorts RCFC Paragraph 14 beyond recognition. It asserts ipse dixit that RCFC Paragraph 14 requires a party to identify facts only if that party bears the burden of proof on an issue. (Gov't Opp. at 2-3). Of course, there is nothing in RCFC Paragraph 14 that supports this position and that is not the rule. See McLean Contracting Co. v. Waterman S.S. Co., 277 F.3d 477, 480 (4th Cir. 2002) (noting that neither the language itself nor the duties and obligations created by Rule 16 shift according to the burden that a party bears). Indeed, there is a vast difference between requiring a party to disclose facts it "expects to prove", which is what the rule explicitly mandates and disclosing only facts it bears the burden to prove, as the Government asserts. On its face, RCFC Paragraph 14 requires that irrespective of the burden of proof, the plaintiff and defendant must set forth the "facts [they] expect[] to prove" at trial and their "position with respect to the facts on which [the opposing party] is expected to rely." These requirements have nothing to do with burdens of proof, and the Government in this case flouts both requirements.

Second, the Government's contention that it can dispense with the rule because it intends only to "negate" or disprove the facts that Huntleigh will present at trial (Gov't Opp. at 2) is completely disingenuous. Unless the Government genuinely intends to have its witnesses "just say no" and simply assert the facts Huntleigh will advance as incorrect, without offering any alternative facts – a dubious proposition to say the least – the Government is playing fast and loose with both Huntleigh and the Court. In reality, if the Government believes that it can negate

Huntleigh's facts, it must do so with alternate or opposing facts. In our moving brief, we referred to at least two specific examples of alternative "facts" the Government has signaled it intends to prove at trial which the Government ignores in its reply. [1] The Government has several individuals listed as trial witnesses; those witnesses presumably intend to testify to certain facts. Indeed, the Government admits as much when it urges the Court to "await the presentation of evidence" by the Government at trial before taking action. (Gov't Opp. 6). Simple compliance with RCFC Paragraph 14, as Huntleigh has done, would by no means require it to disclose, as the Government's hyperbole suggests, "every subsidiary fact or detail to which [the Government] may draw the Court's attention at trial." (Gov't Opp. at 5).[2] Huntleigh and the Court are entitled to what the letter and the spirit of the rule requires: that the Government identify the facts it will present at trial. In the final analysis, the proof of the pudding is in the eating. If the Government sincerely believed its own position -- that it does not need, and will not seek, to prove any facts at trial -- it would not be concerned by the entry of an order that precludes the Government from offering any facts that were not identified in its pretrial submission.

---

[1] The Government vaguely alludes to facts it "expects" to assert at trial. (See Gov't Memo at 7 ("Here, evidence adduced at trial, including the testimony for defendant of TSA procurement official Anthony Washington, will establish that the effect of ASTA upon Huntleigh's contracts was frustration, rather than a taking for public use."); id. at 17 ("Defendant's witnesses Anthony Washington and Robin "Chuck" Burke of TSA, among others, will establish that this process began more than a decade ago and accelerated during the late 1990s.").) Huntleigh has absolutely no idea, and neither does this Court, of what other factual contentions the Government will seek to offer at trial through the various individuals on its witness list and the documents on its exhibit list. As intended, this violation of the RCFC and this Court's explicit order puts Huntleigh at an unfair disadvantage going into trial, and places an additional and unnecessary burden on this Court as it prepares for trial.

[2] The Government's gamesmanship, not to mention hypocrisy, is reflected in its carping about a handful of documents that Huntleigh added to its exhibit list a week ago and the Government attempted to block claiming ambush -- a position it now has abandoned.

Third, the Government's representation that its pretrial brief, which failed to identify any contentions of fact that the Government intends to prove at trial, is "not atypical of the pretrial briefs [it] file[s] upon a regular basis in this Court," is simply untrue. To name just a few of the many pretrial submissions that actually comply with the RCFC, in Cienega Gardens v. United States, 67 Fed. Cl. 434 (2005), and First Federal Lincoln Bank v. United States, 58 Fed. Cl. 363 (2003), the Government -- as a defendant in a Fifth Amendment takings case and a Winstar-related case -- did indeed identify its contentions of fact in its memorandum of contentions of fact and law; the Government dedicated seventeen pages of its brief in Cienega Gardens and ten pages of its brief in First Federal Lincoln Bank to this required task. (See Exs. A and B attached hereto). Surely, the pretrial briefs in those cases are typical of the rule-abiding submissions made by the Government in this Court. This sampling of submissions from other cases puts the lie to the Government's after-the-fact attempt to justify its tactics in this case, that clearly violate its obligations under RCFC Appendix A ¶ 14(a).

Fourth, the Government asserts that "we properly organized our presentation . . . around the elements of Huntleigh's claims, in analytical order rather than attempting to subdivide the claims into 'law' and 'fact' components. In doing so, we 'discuss[ed]' our position with respect to Huntleigh's factual contentions." (Gov't Opp. at 2) This is a demonstrably erroneous and highly contrived afterthought. In truth, the Government's Memorandum of Contentions of Fact and Law is entirely bereft of any discussion of its factual response to Huntleigh's factual contentions. Its so-called "discussion of its 'position' with respect to 'Huntleigh's factual contentions'" is nothing more than a regurgitation of the same discredited legal arguments it has advanced since the inception of the case -- it says nothing about the "facts" the Government expects to contend to negate Huntleigh's facts -- which is what Paragraph 14 requires.

Fifth, the Government devotes a significant portion of its brief to parsing the facts of the cases cited by Huntleigh in order to suggest that those cases are factually dissimilar from the situation at hand. But, the Government conspicuously fails to address the basic legal principle underlying all of the cases that is directly on point here: that the rules exist for a reason; parties must follow those rules; and sanctions will result if they do not. The Government's position that the Court's rules do not require it to "reveal" (Gov't Opp. at 5) facts that it may seek to prove at trial flatly contradicts the letter and spirit of Federal Rule of Civil Procedure 16 and RCFC Appendix A ¶ 14(a), which is to encourage "a more enlightened [trial] policy of putting the cards on the table." Clark v. Penn. R.R. Co., 328 F.2d 591, 594 (2d Cir. 1964). In any event, the absence of reported opinions that address the precise situation in which a party blatantly fails to comply with the rules only serves to illustrate just how uncommon it is for a party to wholly ignore its duty to allege contentions of fact in a pretrial submission.

Finally, while Huntleigh acknowledges that both parties have participated in multiple rounds of briefing in which the legal issues in the case have been argued at length, that briefing has not resulted in any substantive identification of the factual contentions the Government intends to present at trial. The parties' briefs on the Government's motion to dismiss and motion for reargument -- and the Court's ruling on those motions -- were, by definition, related to questions of law, not fact. Although the parties engaged in extensive summary judgment briefing, the Government submitted no affidavits in support of its position. It addressed only allegedly undisputed facts – not any factual contentions it would address at trial.

## Conclusion

That Huntleigh finds itself without the required information about the Government's factual contentions 10 days before trial suggests that, rather than minimizing the element of

surprise, as is the goal of pretrial submissions, the Government seeks to continue its strategy of laying in wait and springing these unknown facts on the Court and Huntleigh at trial -- a strategy that both the Federal Rules of Civil Procedure and the RCFC explicitly seek to eradicate.

Dated: November 2, 2006

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner

Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000
Attorneys for Plaintiff
Huntleigh USA Corporation

Of counsel:

Sarah Heckman Yardeni
Elliot Friedman