IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2670C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF PLAINTIFF'S REFUSAL TO PROVIDE EXHIBITS, AND REQUEST FOR EXPEDITED RELIEF

Defendant, the United States, respectfully brings to the Court's attention the attached correspondence between the parties, in which plaintiff, Huntleigh USA Corporation, has taken the position that it "cannot bear the cost" of providing us a complete set of copies of its 600-plus exhibits at trial. In response to our demand letter dated November 3, 2006, Huntleigh agreed to provide us copies of a specific subset of exhibits which we had previously requested be provided in advance of trial. However, counsel for Huntleigh continued to state that plaintiff does not "necessarily agree" that it is required to provide us, at trial, "additional cop[ies] of documents already exchanged between the parties."

Because that position is inconsistent with this Court's practice over the years and our understanding of the Court's instructions concerning exhibits during the pretrial conference, we respectfully request the Court to clarify for Huntleigh, upon an expedited basis, that the cost of supplying us, on or before the first day of trial, November 13, 2006, with properly marked copies of all exhibits that Huntleigh may seek to introduce at trial – regardless of whether the Government may possess other copies of those documents – is a necessary cost of plaintiff's presentation of its case. In reliance upon the Court's usual practice, as reaffirmed at the pretrial conference, we did not anticipate, and have not made arrangements for, locating, marking, and

copying the several hundred exhibits that Huntleigh still asserts it is not required to provide us on the first day of trial. To impose that wholly unexpected burden and cost upon the Government at this late date would be unfair, as well as prejudicial to our trial preparations. Huntleigh alone decided how many exhibits to put on its exhibit list. Huntleigh should not be permitted to use the unusually large number and volume of its exhibits as a device to impose unforeseen costs upon defendant and disrupt our pretrial work.

(This filing was delayed by the Department of Justice's loss of Internet access in Washington, DC, on November 7, 2006.)

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
by Mark A. Melnick
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

AMY ALLEN RUGGERI
Assistant Chief Counsel
For Litigation

JANESSA L. GRADY
Attorney-Advisor
Office of the Chief Counsel
Transportation Security
Administration

November 7, 2006

CERTIFICATE OF FILING

I certify that the attached was filed electronically on November 7, 2006. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick