IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---------------------------------x

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, | : | No. 03-2670C |
| Plaintiff, | : | (Judge Margolis) |
| - against - | : | ECF Case |
| THE UNITED STATES, | : | |
| Defendant. | : | **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL POST-TRIAL SUBMISSION** |

---------------------------------x

Plaintiff Huntleigh USA Corporation ("Huntleigh") hereby respectfully seeks leave to file a short supplemental brief to clarify its response to one specific issue raised by the Court during the hearing on February 27, 2007 (the "Argument").

At the Argument, Court inquired as to whether the alleged taking of contracts between private parties in this case might be distinguished from Cienega Gardens v. United States, 331 F.3d 1319 (Fed. Cir. 2003). The attached submission addresses that issue.

Granting leave to file the submission will not only aid the court in making a decision on the merits, but is also entirely consistent with case law in this jurisdiction. See, e.g., CCA Assocs. v. United States, 2007 WL 315350 (Fed. Cl. 2007) (noting that, in addition to post-trial briefing, plaintiffs submitted supplemental briefings after closing argument); Hughes v. United States, 71 Fed. Cl. 284, 292 (Fed. Cl. 2006) (citing the existence of "numerous . . . supplemental submissions" in addition to initial post-trial briefing); Banfi Prods. Corp. v. United States, 40 Fed.

Cl. 107, 109 (Fed. Cl. 1997) (noting that "the parties submitted extensive post-trial briefing and supplemental filings").

## Conclusion

For the foregoing reasons, Huntleigh respectfully requests that this Court grant leave to file the attached supplemental brief addressing a narrow, specific issue raised during the Argument.

Dated: March 6, 2007
New York, New York

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Plaintiff Huntleigh USA

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUNTLEIGH USA CORPORATION, | : | No. 03-2670C |
| Plaintiff, | : | (Judge Margolis) |
| - against - | : | ECF Case |
| THE UNITED STATES, | : | |
| Defendant. | : | **PLAINTIFF'S SUPPLEMENTAL POST-TRIAL SUBMISSION** |

Plaintiff Huntleigh USA Corporation ("Huntleigh") respectfully submits this supplemental post-trial submission to clarify its response to one specific issue raised by the Court during the argument on February 27, 2007 (the "Argument").

At the Argument, the Court inquired whether the alleged taking of contracts between private parties in this case (i.e. Huntleigh and the air carriers), might be distinguished from Cienega Gardens v. United States, 331 F.3d 1319 (Fed. Cir. 2003), as a case involving a taking of contracts between a private party and the Government. (See 2/27/07 Tr. at 14-15; 23) Our post-argument review of Cienega Gardens confirms that the contracts at issue there were solely between private parties, just as they are here. Indeed, the Government in this case appears to concede that it was not a party to the loan agreements in Cienega Gardens even though the Government was "intimately involved in regulating" them. (Tr. at 53, 54 ("The Government … said you can't prepay them. And it did that as between - - - really between two private parties, not a government contract . . . .")

In Cienega Gardens, the property interest was the prepayment right in the mortgage loan notes to which only the owners and private lenders, not the Government, were parties. See Cienega Gardens, 331 F.3d at 1330. In a previous decision, the Federal Circuit had squarely rejected the owners' breach of contract claims against the Government – the proper remedy if the Government were a contracting party – precisely because "privity" of contract with the Government was lacking:

> We hold that there was no privity of contract between HUD and the Owners with respect to prepayment of the deed of trust notes. Pursuant to each 'Commitment for Insurance of Advances,' HUD contracted to provide mortgage insurance, but did not agree to any prepayment terms. Neither were there any prepayment terms in the regulatory agreements between HUD and the Owners. The only contractual prepayment terms were contained in the deed of trust notes and the attached riders, to which HUD was not a party. Because there was no privity of contract between HUD and the Owners with respect to prepayment of the deed of trust notes, HUD could not be liable to the Owners for breach of contract by reason of the enactment of ELIHPA and LIHPRHA.

Cienega Gardens v. United States, 194 F.3d 1231, 1246 (Fed. Cir. 1998) (emphasis added).

Where, as here, contract rights between private parties are subject to a regulatory taking, the Federal Circuit made clear that there is "ample precedent for acknowledging a property interest in contract rights under the Fifth Amendment." Cienega Gardens, 331 F.3d at 1329 (citing various Supreme Court precedents). Accordingly, the Federal Circuit "concluded that the Owners did have a property interest in the contractual right to prepay [their federally subsidized mortgages] and exit the [low-income] housing programs." Id. at 1330; see also Royal Manor Ltd. v. United States, 69 Fed. Cl. 58, 62-63 (Fed. Cl. 2005) (finding an allegation that the same contractual right of prepayment was taken sufficient to withstand the Government's motion to dismiss).

Of course, this Court's decision denying the Government's dismissal motion is entirely consistent with Cienega Gardens, on which the Court heavily relied:

> Plaintiff alleges that by virtue of the act, the government has taken its business assets, including its long-term screening contracts, goodwill and going-concern value. The government admits that contracts are property. Therefore, plaintiff's allegation that it had a contractual right to provide screening services to various airlines sufficiently sets forth a property interest. See Cienega Gardens, 331 F.3d at 1329-30.

Huntleigh USA Corp. v. United States, 63 Fed. Cl. 440, 444 (Fed. Cl. 2005).

Conclusion

Huntleigh respectfully submits that its property interest in the passenger and baggage screening contracts abrogated by the passage and implementation of ATSA is established by controlling legal authority.

Dated: March 6, 2007
New York, New York

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

/s/ Jonathan J. Lerner
Jonathan J. Lerner (attorney of record)
Lauren E. Aguiar
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Plaintiff Huntleigh USA